UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FELICE MILLER,

                        Plaintiff,                  **ORDER**
                                                                    CV 02-5612 (DLI)(ARL)

    -against-

BATESVILLE CASKET COMPANY, INC.,

                        Defendant.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the defendant's letter application dated May 16, 2005, seeking additional time to respond to the plaintiff's expert report served on May 10, 2005 and an opportunity to depose the plaintiff's expert. The plaintiff does not oppose the request but seeks permission to take the deposition of any expert that the defendant designates. In her letter, the plaintiff also advises the court that the plaintiff's expert, Dr. Mantell is not available on the day the deposition was noticed, and thus, requests to have the deposition rescheduled to the last week in June, six weeks after the close of expert discovery.

      Although the court is cognizant of the prejudice to the plaintiff that would result if she were not permitted to use this expert, the court is troubled by the plaintiff's blatant disregard for this court's orders. The deadline for completion of expert discovery has been adjourned six times is this three year old case. In its last order dated April 5, 2005, the undersigned extended the deadline for expert discovery to May 16, 2005, but warned the parties that no further adjournments would be granted. Implicit in that order was the understanding that any party designating an expert would provide its adversary with enough time to conduct permissible discovery pursuant to the Federal Rules of Civil Procedure. Clearly, serving the defendant with an expert report six days before the discovery deadline did not comply with the court's order.

Nonetheless, the court is not going to strike the expert report because of the prejudice to the plaintiff that would result from doing so, and will permit the defendant to take Dr. Mantell's deposition after the expiration of the expert discovery deadline.

Accordingly, the defendant's motion is granted. The plaintiff is directed to produce Dr. Mantell for a deposition on or before June 17, 2005. If Dr. Mantell has not recuperated from his operative procedure by that date, the plaintiff is directed to submit to the court an affidavit from the doctor indicating when he will be fit to attend the deposition. The defendant is directed to designate its rebuttal expert, if any, on or before May 27, 2005, and to provide the defendant with an expert report of its rebuttal expert by June 10, 2005. If necessary, the deposition of the rebuttal expert is to be completed by June 24, 2005. The final conference scheduled for June 20, 2005 is adjourned to June 30, 2005 at 2:00 p.m. Any party planning on making a dispositive motion shall take the first step in the motion process by June 24, 2005. The parties are directed to consult Judge Irizarry's individual rules regarding such motion practice. The parties are also directed to electronically file a proposed joint pretrial order before the final conference.

Absent a settlement, this case will be marked ready for trial at the final conference on June 30, 2005. No further adjournments will be granted.

Dated: Central Islip, New York
       May 20, 2005

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge