UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
FELICE MILLER,                                :
                                              :
                    Plaintiff,                :        **SUMMARY ORDER**
                                              :
        -against-                             :        02-CV-5612 (DLI)(ARL)
                                              :
BATESVILLE CASKET CO.,                        :
                                              :
                    Defendant,                :
----------------------------------------------------------------x

DORA L. IRIZARRY, United States District Judge:

Presently before the Court is the defendant's motion, pursuant to FED. R. CIV. P. 72(a), to set aside or modify the decision of Magistrate Judge Arlene R. Lindsay dated July 20, 2004 ("the Decision") granting plaintiff Felice Miller's ("Miller" or "plaintiff") motion to amend the complaint. Also before the court is plaintiff's motion for leave to amend the complaint a second time. For the following reasons, plaintiff's motion to amend the complaint a second time is granted and defendant's motion to set aside is granted in part and the Decision is reversed insofar as it allowed plaintiff to amend her complaint to add a Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq*. ("Title VII") claim and is otherwise affirmed.

**Background**

The plaintiff commenced this action against her employer, Batesville Casket Company ("Batesville" or "defendant"), alleging gender based discrimination in violation of the New York State Human Rights Law, N.Y. Exec.Law § 290, *et seq*. ("NYSHRL"). Miller filed her original complaint on September 20, 2002 in the New York State Supreme Court, and the action was removed to the District Court for the Eastern District of New York on October 22, 2002. Twenty months later, and after the time for motions to amend the pleadings had passed, she moved to amend

the original complaint, on May 18, 2004, to add gender based discrimination and retaliation claims under Title VII and an Equal Pay Act claim. Over defendant's objection, Judge Lindsay granted plaintiff permission to amend and extended the discovery deadline, which had not yet expired, to September 20, 2004. On August 30, 2004, plaintiff, once again, moved to amend the complaint to add a claim of constructive discharge based upon her resignation on August 25, 2004. Defendant timely appealed Judge Lindsay's Decision specifically objecting to the additional claims and, in light of these additional claims, to the abridged discovery extension. Ultimately, Judge Lindsay extended the discovery deadline to May 16, 2005. Therefore, the court finds that defendant's appeal on this ground is now moot. Accordingly, the court will discuss only the propriety of J. Lindsay's Decision allowing plaintiff to amend her complaint and plaintiff's motion to amend the complaint a second time.

## Discussion

Magistrate judges are given broad discretion to resolve nondispositve matters that come before them. *Gorman v. Polar Electro, Inc*., 137 F.Supp 2d 223, 226 (E.D.N.Y. 2001) (citing *Com Tech Assocs. V. Computer Assoc. Int'l*, 752 F.Supp. 1078, 1079 (E.D.N.Y. 1990), *aff'd*, 938 F.2d 1574 (2d Cir. 1991)). Yet, if an order of a magistrate judge is properly objected to, the district judge to whom the case is assigned shall consider such objection and shall modify or set aside any portion of the magistrate judge's order on the basis that it is clearly erroneous or contrary to law. FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

Defendant claims that Judge Lindsay's decision to allow plaintiff to add Title VII discrimination and retaliation claims, and an Equal Pay Act claim was clearly erroneous.

**Title VII Discrimination Claim**

Under Title VII, a claimant may not bring suit in federal court if she has failed to file a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and obtained a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(e) and (f); 29 U.S.C. § 626(d); *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 613 (2d Cir.1999); *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1208 (2d Cir.1993). "Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII … statutory scheme[] and, as such, a precondition to bringing such claims in federal court." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (internal quotation marks and citations omitted).

In New York State, an aggrieved employee has 300 days from the time when she became aware or should have been aware of an adverse employment action to file a complaint with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1) (1994); *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999). Since plaintiff in the instant case filed a discrimination charge with EEOC against defendant on March 16, 2004, her Title VII action is limited to adverse employment decisions that she knew about within 300 days before that date, i.e, on or after May 21, 2003. The Title VII discrimination claim plaintiff seeks to add is based upon the alleged discrimination she was subjected to from March 2002 until August 2002 and precedes May 21, 2003. Therefore, Miller's Title VII discrimination claim is untimely.

Accordingly, Judge Lindsay's decision to allow plaintiff to amend her complaint to add a Title VII claim of gender based discrimination is contrary to law and is, therefore, reversed.

**Title VII Retaliation Claim**

As already noted, on March 16, 2004, plaintiff filed a complaint alleging discrimination with

the EEOC. Though plaintiff fails to specify whether the EEOC complaint includes a retaliation claim, such claims are considered "reasonably related" to the original underlying complaint of discrimination where, as here, a plaintiff alleges retaliation by an employer against an employee for filing the original discrimination complaint. *See e.g., Legnani*, 274 F.3d at 686.

Citing *Rodriguez v. Connection Technology, Inc.*, 65 F.Supp.2d 107 (E.D.N.Y. 1999), defendant argues that the early right-to-sue letter obtained by plaintiff is not valid because the EEOC failed to wait the requisite 180 days before the issuance of the right-to-sue letter. They contend that this action and the EEOC regulation that condones an early right-to-sue letter, 29 C.F.R. § 1601.28(a)(2) (2002), contravenes the express language of Title VII. *See* 42 U.S.C. § 2000e-5(f)(1). In *McGrath v. Nassau Health Care Corp.*, 217 F.Supp.2d 319 (E.D.N.Y. 2002), U.S. District Judge Thomas C. Platt found that the regulation "is based on a permissible construction of § 2000e-5(f)(1). Further, in determining whether early right-to-sue letters are valid, courts in this district have been guided by equitable considerations. *See e.g., McGrath*, 217 F.Supp.2d at 327; *Commodari v. Long Island University*, 89 F.Supp.2d 353, 383 (E.D.N.Y. 2000).

Here, in light of the long and contentious history of this case, the prospects for conciliation, the main justification for 180-day waiting period, are quite dim. Additionally, given the significant delays already attending this litigation, judicial economy dictates a determination that the early right-to-sue letter in this case is valid. Therefore, Judge Lindsay's decision to allow plaintiff to amend her complaint to include a Title VII retaliation claim based upon defendant's acts, occurring on or after May 21, 2003, is not clearly erroneous or contrary to law.

**Equal Pay Act**

Defendant grounds its objection to the addition of this claim on plaintiff's 18-month delay

4

in seeking the amendment and the resulting prejudice it will suffer especially in light of Judge Lindsay's Decision to extend discovery to September 20, 2004, rather than December 13, 2004 (defendant's requested deadline).

"The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993). Defendants argue that they were prejudiced in terms of short discovery deadline. However, Judge Lindsay ultimately extended the discovery deadline to May 16, 2005. Therefore, any objections to Judge Lindsay's Decision based upon this ground are moot. "Mere delay … does not provide a basis for a district court to deny the right to amend." *Id.* Judge Lindsay's decision with respect to this claim is, therefore, affirmed.

**Plaintiff's Motion to Amend the Complaint a Second Time**

Plaintiff seeks to amend her complaint to add a claim of constructive discharge. Plaintiff allegedly resigned as a result of actions taken by the defendant on August 25, 2004, after plaintiff had filed her original complaint and moved to amend it. She could not have sought to amend to add a constructive discharge claim before then. Therefore, she is now free to seek to amend her complaint to add her constructive discharge claim since it is reasonably related to the original underlying discrimination claim. *See, e.g.*, *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 400 F.3d 139, 141 n.1 (2d Cir. 2005). Accordingly, the court grants plaintiff's application to amend her complaint a second time.

## Conclusion

For the foregoing reasons, defendant's motion to set aside the Decision is granted in part and denied in part and plaintiff's motion to amend the complaint a second time is granted.

SO ORDERED.

Dated: Brooklyn, New York
       August 10, 2005

/s/
Dora L. Irizarry
United States District Judge