UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FELICE MILLER, :
 :     **SUMMARY ORDER**
            Plaintiff, :
 :     02-CV-5612 (DLI)(ARL)
     -against- :
 :
BATESVILLE CASKET COMPANY, INC., :
 :
            Defendant. :
------------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

On July 23, 2007, this court granted summary judgment for defendant Batesville Casket Company, Inc., dismissing plaintiff Felice Miller's claims of gender discrimination and retaliation. *See generally Miller v. Batesville Casket Co.*, 2007 WL 2120371 (E.D.N.Y. July 23, 2007). The Second Circuit Court of Appeals affirmed the judgment, but vacated and remanded this court's order denying costs to defendant, because it "failed to articulate any reason for its decision . . . ." *Miller v. Batesville Casket Co.*, 312 Fed. App'x. 404, 407 (2d Cir. 2009).

Defendant now moves, pursuant to Federal Rule of Civil Procedure 54(d)(1) and Rule 54.1 of the Local Rules of the United States District Court for the Eastern District of New York ("Local Rules"), for $15,499.00 in costs from plaintiff. (*See generally* Def.'s Req. for Costs; Def.'s Reply Mem.) Specifically, defendant requests $150.00 in filing fees, $12,295.50 in deposition fees, $103.50 in copying fees, and $2,950.00 in miscellaneous witness fees. (*See* Def.'s Req. for Costs at 1.) Defendant attached invoices for all of these expenses to its motion papers. (*See id.*, Ex. A–D.)

Plaintiff opposes the imposition of all costs due to her financial circumstances. (Pl.'s Resp. Mem. in Opp'n to Costs at 5–6.) She also opposes the costs of depositions of herself and other

1

potential witnesses on the grounds that there was "no showing by defendant how these . . . were necessary for the motion for summary judgment." (*Id.* at 4–5.) "[C]osts—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). However, a district court has discretion deny them, so long as it articulates its reasons. *See Miller*, 312 Fed. App'x. at 407. Here, there is no question that defendant was the "prevailing party." FED. R. CIV. P. 54(d)(1). Thus, the burden is on plaintiff to show why costs should not be imposed. *See Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001).

While "the losing party's limited financial resources" can indeed be grounds for denying costs to the prevailing party, "indigency *per se* does not automatically preclude an award of costs." *Id.* Here, plaintiff has not claimed she is indigent. Indeed, she was represented by retained counsel throughout this litigation, and her most recent tax return shows an adjusted gross income of $113,235.00 for 2008. (Pl.'s Resp. Mem. in Opp'n to Costs at 13.) Accordingly, her argument that costs should not be imposed on the grounds of financial hardship is rejected.

Local Rule 54.1(c)(2) states that "[c]osts for depositions are . . . taxable if they were used by the court in ruling on a motion for summary judgment or other dispositive motion. Costs for depositions taken solely for discovery are not taxable." The distinction can be made by "deciding if the deposition reasonably seemed necessary at the time it was taken." 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2676 (3d ed. 2004) (citing *Mailer v. RKO Teleradio Pictures, Inc.*, 332 F.2d 747 (2d Cir. 1964).

In addition to plaintiff herself, defendant deposed nine persons during discovery, four of whom (Paul Theesfeld, Janet Bell, Timothy Cutter, and Nectar Ramirez-Gosdin) are discussed within the Summary Judgment Order. *See Miller*, 2007 WL 2120371, at *2–*4. Depositions of these persons, and of plaintiff, were therefore clearly "used by the court in ruling on a motion

summary judgment." LOCAL RULE 54.1(c)(2).

With respect to the remaining five depositions, James Suplee's name does not appear in this court's Summary Judgment Order. However, the pre-trial witness list submitted by defendant on June 30, 2006 indicates that he was plaintiff's supervisor beginning in 2002, and would have testified as to her job performance. (Docket No. 128 at 2.) Glenn Richardson, defendant's Director of Human Resources, also appears on defendant's list, and was scheduled to testify as to the compensation of plaintiff and her peers. (*Id.* at 4–5.) Jeffrey Smith was on plaintiff's pre-trial witness list. (Docket No. 129 at 3.) Although the record does not indicate the purpose for which plaintiff was going to call him, it does note that he was a former employee of defendant's. (*Id.*) Finally, Dr. Edmund Mantell and Dr. Dorothy Wolfson were plaintiff's economic expert and treating psychologist, respectively. (Def.'s Req. for Costs at 2–3.) Given that all five would likely have been called to testify had this case gone to trial, it was perfectly reasonable for defendant to depose them beforehand. The court therefore finds that each deposition was taxable. *See* 10 WRIGHT & MILLER § 2676.

For the reasons set forth above, defendant's request for $15,499.00 in costs is granted in its entirety.

SO ORDERED

DATED:  Brooklyn, New York
        February 2, 2010

                                       _____/s/_____
                                       DORA L. IRIZARRY
                                       United States District Judge